Lawbence E: Kahn, S.
This is a motion made by respondent for summary judgment to dismiss the claim of petitioner.
The petitioner Eric Maki and the decedent respondent William Y. Ziehm were equal and sole stockholders in Associated Contracting and Blacktop, Inc. After much dispute and litigation, the said corporation was dissolved by court order of Hon. Bussell G-. Hunt entered in the Albany County Clerk’s office on February 23, 1968. The court in its order also appointed Robert Gr. Leyden, Esq., as permanent receiver of all of the assets and property of said corporation.
Respondent alleges that petitioner has no standing to bring this claim in his individual capacity and has failed to state a cause of action as set forth in the proceedings in Surrogate’s Court. Respondent further alleges that petitioner’s only relief can be obtained in a derivative lawsuit in his capacity as a shareholder in said company and that such an action can only be entertained in the Supreme Court of the State of New York. Respondent contends that the said corporation was not formally dissolved until 1971, subsequent to the death of the decedent and that Robert Gr. Leyden, Esq., never posted the requisite bond when he was appointed receiver with the effect that the property of said corporation never vested in the alleged receiver. Even if the appointment of Robert Gr. Leyden, Esq. as receiver were legally effective, respondent alleges that petitioner’s claim would lie against the receiver and not against respondent.
Petitioner in response alleges that the decedent respondent failed to turn over to him all of petitioner’s share of the assets and property of said corporation, that corporate funds were converted by decedent and used to purchase certain property *468 which now constitutes part of decedent’s estate and further that petitioner expended his personal funds to pay corporate debts which are not reimbursable from respondent’s estate. The gist of petitioner’s claim is that his corporate association with decedent ended in 1968 and thereafter decedent converted petitioner’s portion of the property of the corporation for his own use which is now part of decedent’s estate.
This court holds that it does have jurisdiction to hear and determine petitioner’s claim against respondent decedent’s estate. For purposes of this proceeding, the court holds that the said corporation was dissolved upon the entry of the order of Hon. Bussell G. Hunt on February 23, 1968 and that the property of said corporation did vest in the appointed receiver, Bobert G. Leyden, Esq.
This court has broad jurisdiction in hearing claims against estates. The petitioner’s claim is against the decedent and his estate would be liable if the petitioner’s allegations are found to have merit. In addition, especially in a small closely owned corporation, a claim such as this may be brought in the petitioner’s own individual capacity rather than in the form of a derivative suit, since it is petitioner who, if his allegations are true, would be injured directly. Given the fact that the only other shareholder is petitioner makes it clear that it is the petitioner who would be solely injured by the alleged loss or conversion of these said assets.
Petitioner has chosen not to bring a claim against the appointed receiver and instead alleges that his share of the assets of the dissolved corporation are in the estate of the respondent decedent. Accordingly, he may properly bring his claim against respondent in this forum. Petitioner will be afforded his day in court and this court will entertain proof on the merits of his claim against the said estate.